UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY K. MOSLEY,

    Plaintiff,

v.                                          Case No. 1:17-CV-75

CHRIS BLOOD,                      HON. GORDON J. QUIST

    Defendant.
_____/

**OPINION**

Plaintiff, Jody K. Mosley, proceeding pro se, has filed a one-page complaint against Chris Blood, who apparently is a supervisor for protective services under the Friend of the Court for Ingham County Circuit Court, which alleges:

> Mr. Chris Blood, protective service has violated my rights, he got rid of files contanting [sic] the creditbillity [sic] of baby mom, violating my rights plus removing case form's [sic] about my baby mother[,] Detrisus L. Goldman, making me lose custody but most of all my rights to be a father to my kids, they violated my right and false railroaded me under Judge R. Garcia.  Now my kids are not even in Lansing.

(ECF No. 1.)  The only relief Mosley requests is "criminal charges."[1]  (*Id.*)

On January 24, 2017, the magistrate judge issued an order granting Mosley leave to proceed *in forma pauperis*.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.

---

[1] This is one of nine cases that Mosley filed in this Court in January of 2017.  The Court previously dismissed Case Nos. 1:17-CV-7, 9, 10, 11, and 13 on February 17, 2017.

1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read Podewell's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

For the reasons set forth below, Mosley fails to state a claim and his complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Mosley fails to allege sufficient facts giving rise to a claim under federal law. He refers to violation of his rights, but fails to state what rights were violated or cite the law under which such

rights arise. "Although pro se pleadings are to be liberally construed, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). In addition, it appears that Mosley is complaining about harm from a state-court judgment. If so, his complaint is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416, 44 S. Ct. at 150)); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). In light of *Exxon Mobile*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The *Rooker-Feldman* doctrine appears to bar Mosley's claim because he complains about injury caused by a state-court judgment—on that caused him to lose custody of his children.

Finally, Mosley may not use this civil proceeding to bring criminal charges and, in fact, "[i]n his capacity as a private citizen, [Mosley] lacks standing and legal authority to initiate or compel the initiation of federal criminal proceedings against defendant [Monski]." *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Fe b. 18, 2010).

An Order consistent with this Opinion will be entered.


Dated: March 6, 2017               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE